■ In the Matter of Brooklyn Union Gas Company, Respondent, v State Board of Equalization and Assessment et al., Appellants. — Appeal from an order of the Supreme Court at Special Term (Conway, J.), entered April 15, 1983 in Albany County, which denied respondents' motion to stay proceedings brought by petitioner pursuant to article 7 of the Real Property Tax Law. Petitioner is a corporation engaged in supplying gas services to public and private consumers in southern New York State. Petitioner owns certain facilities used in supplying gas pursuant to a special franchise granted to it. Respondent State Board of Equalization and Assessment (SBEA) has authority to determine the assessed value of all special franchise properties located in the State. Pursuant to article 7 of the Real Property Tax Law, petitioner challenged the special franchise tax assessment for the 1980 fiscal year alleging overvaluation by SBEA whereby the assessed value established by it exceeded the properties' fair market value. Petitioner also brought five proceedings challenging the assessment for the years 1975-1979 on the same grounds of overvaluation. These five proceedings have been consolidated and are the subject of this appeal. A similar proceeding was brought by National Fuel Gas Corporation which has been *sub judice*. The central issue in all these proceedings is the proper method of valuation. SBEA contends that the sole method should be reproduction cost new less depreciation, while the utilities employed the capitalization of net income and the original cost less depreciation approaches. A motion was made by respondents SBEA and the City of New York, pursuant to CPLR 2201, for a stay of the 1975-1979 proceedings pending the final determination of petitioner's 1980 proceeding and the National Fuel Gas Corporation proceeding in order to wait for the proper method of valuation to be decided. Special Term denied the motion and ordered that the trial commence on April 25, 1983. This appeal ensued and, pursuant to CPLR 5519, the trial was stayed without a court order. Thereafter, a decision was rendered in the 1980 proceeding which held that the method of valuation used by SBEA could not be a basis for its determination. That decision has also been appealed. Initially, we reject petitioner's contention that the order is not appealable. There is ample authority to the contrary (*Research Corp. v Singer-General Precision,* 36 AD2d 987, 988; *Herald Co. v Frey,* 35 AD2d 905). We turn to the merits and are of the view that Special Term did not abuse its discretion in denying the stay. While all these proceedings have a similar issue of valuation, they are not necessarily identical. An assessment fixes value as of a certain time so that assessments of the same property for different years may not be identical due to changed circumstances resulting in different proof. Consequently, a determination of the other proceedings will not necessarily obviate a trial of the 1975-1979 proceedings. Therefore, Special Term did not abuse its discretion in denying the stay (3 Carmody-Wait 2d, NY Prac, § 22:20, pp 576-578). The order should be affirmed. Order affirmed, with costs. Sweeney, J. P., Kane, Main, Mikoll and Levine, JJ., concur.